UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID GIBBONS,<br><br>　　　　　　Defendants. | 5:21-CR-50039-JLV<br><br>ORDER DENYING MOTION TO SEVER (DOC. 32) |

## **INTRODUCTION**

The Superseding Indictment in the above captioned case charges the following: Count I - Theft of Firearm in violation of 18 U.S.C. §§ 922(u) and 924(i)(1); Count II - Possession of Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and Count III - Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Doc. 26). Now pending is Defendant's Motion to Sever Charges (Doc. 32). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## **DISCUSSION**

**I.  Motion to Sever**

David Gibbons filed a Motion to Sever (Doc. 32) requesting Count III be severed for a separate trial. The government opposes this motion. (Doc. 40).

1

### A.     The Counts are Properly Joined under Rule 8(a)

#### *i. Legal Standard for Joinder under Rule 8(a)*

Federal Rule of Criminal Procedure 8(a) provides: "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  "The joinder of offenses pursuant to Rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984).  "Joinder of offenses is proper where the . . . counts refer to the same type of offenses . . . and the evidence as to each count overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

The Eighth Circuit has held Rule 8(a) is "broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (internal citations omitted).  The rules regarding joinder and severance are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 132 (1968) (internal quotation omitted).

> ii. *Count III is Properly Joined with Counts I and II Because They are Part of a Common Scheme or Plan*

David Gibbons moves to sever Count III, arguing it was improperly joined in the Superseding Indictment pursuant to FED. R. CRIM. P. 8(a). (Doc. 33). The basis for Mr. Gibbons' motion argues Count III was improperly joined in the Superseding Indictment because "Count III is not a crime of a similar nature to the remaining counts." (Doc. 33). Mr. Gibbons further argues that "[t]heft and possession of a stolen firearm is separate and disparate conduct from a conspiracy to distribute controlled substances" and therefore have no overlapping elements. (Doc. 33). Additionally, Mr. Gibbons argues that severance is warranted because of the timeframe of the offenses. (Doc. 33). Mr. Gibbons states that according to the government, the conspiracy allegedly began no later than January 2017 and continued to on or about March 2021, with the alleged theft of a firearm having occurred on September 27, 2020. (Doc. 33). Mr. Gibbons argues that the alleged conspiracy started "well before the date of the theft," but acknowledges that there is an overlap of dates on the conspiracy and theft. (Doc. 33). Lastly, Mr. Gibbons argues that gap in time between the alleged start of the conspiracy and the theft (three years) is not a relatively short period of time and shows that these events are independent of each other. (Doc. 33).

The government opposes Mr. Gibbons' motion. (Doc. 40). The government contends that they will offer evidence that the theft and possession of firearms charges are temporally and logically related to the drug conspiracy charge "because the burglary occurred during the time period when the

defendant actively was involved in methamphetamine trafficking." (Doc. 40). Specifically, several witnesses will testify that Mr. Gibbons was involved in trading firearms and other stolen items for methamphetamine, and that he traded firearms stolen from the True Value in Martin, South Dakota, for drugs. (Doc. 40). The government further argues that the evidence from each charge would be admissible at the trial for any charge. (Doc. 40).

In the present case, joinder of the conspiracy count (Count III) and the firearms counts (Counts I and II) is proper because they are part of a common scheme or plan. See Rodgers, 732 F.2d at 629 (providing a disjunctive list of three options, under any of which, joinder is permissible). The Eighth Circuit has long recognized the existence of a relationship between narcotics dealing and firearms. United States v. Boyd, 180 F.3d 967, 982 (8th Cir. 1999). Narcotics-related and weapons-related charges may not always be joined, but when the charges are connected temporally or logically, they are reasonably joined. Id. See United States v. Johnson, 462 F.3d 815, 822 (8th Cir. 2006) (no error in joining drug and firearm offenses that were temporally and logically connected).

Accepting the government's summary of the evidence, the three counts are connected by the same evidence and constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). The factual circumstances underlying Counts I and II overlap with Count III. Mr. Gibbons is alleged to have possessed firearms stolen from True Value during the time of the conspiracy and traded the stolen firearms for drugs. There is a "common thread of an overarching

4

criminal scheme connecting these . . . crimes." United States v. Poor Bear, No. CR 16-50149 (02 & 03), 2019 WL 6312370, at *3 (D.S.D. Nov. 25, 2019) (citing United States v. Chavis, 296 F.3d 450, 458 (6th Cir. 2002).  As such, joinder is proper.

### B. Mr. Gibbons has not Shown Prejudice Warranting Severance under Rule 14(a)

*i. Legal Standard for Severance of Counts under Rule 14(a)*

Severance under Federal Rule of Criminal Procedure 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  In other words, "[e]ven if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges."  United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011).

"Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . . . ."  Id. at 625-26 (internal citation omitted).  "[T]here is a strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice."  Id. at 626.  "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together."  Rodgers, 732 F.2d at 630 (internal citation omitted).

5

       *ii. Mr. Gibbons has not Met His Burden to Demonstrate Prejudice Warranting Severance of Counts*

In his Motion to Sever, Mr. Gibbons argues prejudice under Rule 14 is established because "the jury could make improper inferences if presented the totality of evidence for all three charges." (Doc. 33). Also, "the jury could view evidence that Defendant was engaged in drug distribution activities as showing his propensity to have committed the firearm offenses." (Doc. 33). "Conversely, the firearm theft allegations could hinder the jury's ability to fairly evaluate and judge the evidence presented against the evidence on the drug distribution charge." (Doc. 33). Mr. Gibbons argues that instructions to the jury to consider each count separately cannot guarantee prejudice will not occur. (Doc. 33).

Mr. Gibbons' argument fails to establish prejudice. "Prejudice to the defendant must be both 'real' and 'clear' . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence. . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation omitted). Mr. Gibbons provides no factual support for his argument.

However, severance is not an automatic remedy where prejudice can be minimized or eliminated by other means. "In lieu of a severance, the court may assist jurors in compartmentalizing the evidence by giving cautionary instructions." United States v. Steele, No. CR 07-10004 (01), 2007 WL 3142815, at *4 (D.S.D. Oct. 22, 2007) (citing United States v. Boone, 437 F.3d

6

829, 838 (8th Cir. 2006) (noting the risk of spillover is best cured through cautionary instructions)). "Even a general instruction reminding jurors that they must consider each count and each defendant separately may be sufficient to avoid a severance. Steele, No. CR 07-10004 (01), 2007 WL 3142815, at *4 (citing Zafiro v. United States, 506 U.S. 534, 539 (1993)). "[A] joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." United States v. Darden, 70 F.3d 1507, 1528 (8th Cir.1995).

Like in Steele, Mr. Gibbons has not overcome the strong presumption against severing properly joined counts. The court in Steele noted the defendant may be "somewhat prejudiced by trying all of these counts together" but held that prejudice could "be mitigated or eliminated by giving the jury cautionary instructions." Steele, No. CR 07-10004 (01), 2007 WL 3142815, at *4. As such, Mr. Gibbons has failed to meet his burden to demonstrate prejudice warranting severance of counts over the judicial efficiency of a joint trial.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Sever (Doc. 32) be denied.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service

7

of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CRIM. P. 58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  FED. R. CRIM. P. 59(a) Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

      DATED this __11th__ day of October, 2021.

                                        BY THE COURT:

                                        DANETA WOLLMANN
                                        United States Magistrate Judge