UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>DAVID GIBBONS,<br><br>                Defendant. | CR. 21-50039-JLV<br><br>ORDER |

**INTRODUCTION**

A grand jury indicted defendant David Gibbons with count I theft of a firearm in violation of 18 U.S.C. § 922(u) and 924(i)(1) and count II possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Docket 1). A superseding indictment added count III conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Docket 26). Defendant moves to sever counts I and II from count III for trial. (Docket 32). The government opposes defendant's motion. (Docket 40).

The motion was referred to Magistrate Judge Daneta Wollmann for an order pursuant to 28 U.S.C. §§ 636(b)(1)(A) and the court's April 1, 2018, standing order. The magistrate judge issued an order denying defendant's motion to sever. (Docket 41). Defendant filed an objection to the magistrate judge's order. (Docket 43).

If a party objects to a magistrate judge's order on any pretrial matter, the Federal Magistrate Act provides "the court may reconsider . . . where it has

been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

For the reasons given below, the court overrules defendant's objections and adopts the magistrate judge's order.

## ANALYSIS

The superseding indictment charges Mr. Gibbons with theft of a firearm, a Derya Arms (RIA Imports), model VR60 12-gauge, semi-automatic shotgun, bearing serial number R041893, on or about September 27, 2020, from True Value Hardware in Martin, South Dakota.  (Docket 26 at p. 1).  Count II charges Mr. Gibbons with possession of the same shotgun as a stolen firearm on September 27, 2020.  Id. at p. 2.  Count III charges Mr. Gibbons with conspiracy to distribute and possession with intent to distribute a controlled substance, 500 grams or more of methamphetamine, a Schedule II controlled substance, beginning on or about January 2017 and continuing until on or about March 2021.  Id.

Federal Rule of Criminal Procedure 8 directs the joinder of charges against a defendant.  That rule provides: "[t]he indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "The joinder of offenses pursuant to rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar

2

character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984). "Joinder of offenses is proper where the . . . counts refer to the same type of offenses . . . and the evidence as to [the] counts overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

Even though counts of an indictment may be properly joined, the court must determine if under Rule 14 the counts should be severed to avoid undue prejudice to the defendant. The rule provides: "[i]f the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"Even if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges." United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . . . ." Id. at 625-26 (internal citation omitted). "[T]here is a strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice." Id. at 626. "Where evidence that a defendant had committed one crime would be probative and

3

thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together."  Rodgers, 732 F.2d at 630 (internal citation omitted).

"Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing."  United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

"[S]everance of counts [is required] only when a defendant has made a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other."  United States v. Jardan, 552 F.2d 216, 220 (8th Cir. 1977) (internal quotation marks and citation omitted).  "In making such a showing, it is essential that the defendant present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine and to enable [the court] intelligently to weigh the considerations of 'economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.' "  Id. (internal citation omitted).  See also United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1988) ("In order to gain a severance, a defendant must make a persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and

4

the reason he cannot testify on the other counts."). A defendant does not satisfy this burden by simply suggesting he may want to testify on one count, but not another. Jardan, 552 F.2d at 220.

While the defendant acknowledges the time period of the three alleged offenses overlap, he asserts the magistrate judge failed "to fully consider the large gaps in time between these events." (Docket 43 at pp. 1-2). In defendant's view "[e]vidence presented as to the theft of the firearms in September 2020 would not have sufficient overlap with alleged drug distribution" beginning in 2017. Id. at p. 2.

The magistrate judge found joinder of count III with counts I and II was proper under Rule 8 as the charges "are part of a common scheme or plan." (Docket 41 at p. 4) (references omitted). "Accepting the government's summary of the evidence," the magistrate judge found "[t]he factual circumstances underlying Counts I and II overlap with Count III." Id. The magistrate judge found the government's summary indicates Mr. Gibbons allegedly "possessed firearms stolen from True Value during the time of the conspiracy and traded the stolen firearms for drugs." Id.

The magistrate judge's analysis properly considered the government's anticipated evidence showing defendant's theft of the shotgun from True Value, his possession of the stolen firearm and the firearm's relationship to the drug conspiracy. (Docket 41 at p. 4) (referencing Docket 40 at pp. 2-5).

Joinder was proper. Fed. R. Crim P. 8(a). Defendant's objection fails to identify how or why "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Addressing the issue of severance under Rule 14, defendant's objection contends the magistrate judge's order failed to properly consider the "real and clear threat of prejudice that a jury . . . will view evidence of [his] alleged participation in a drug distribution conspiracy as showing his propensity to have stolen a firearm and then possessed that stolen firearm." (Docket 43 at p. 2). Even if not considered "as propensity evidence, the number of witnesses put forward . . . as to the conspiracy may persuade the jury to assign unwarranted weight to the testimony related to the firearm charges." Id. "Conversely," defendant argues the "evidence of the firearm theft could be viewed as propensity evidence that [he] engaged in drug distribution." Id.

After considering the defendant's argument, the magistrate judge concluded "Mr. Gibbons has not overcome the strong presumption against severing properly joined counts." (Docket 41 at p. 7) (referencing United States v. Steele, No. CR 07-10004-01, 2007 WL 3142815, at *4 (D.S.D. Oct. 22, 2007)).

If not separately charged, evidence of defendant's dealing in stolen firearms in exchange for methamphetamine would be admissible in the trial of the conspiracy charge under Federal Rule of Evidence 404(b). Because the firearm evidence "would be probative and thus admissible" in the defendant's conspiracy trial, Mr. Gibbons "does not suffer any additional prejudice if the two crimes are tried together." Rodgers, 732 F.2d at 630 (internal citation omitted). Mr.

6

Gibbons' objection does not "show a reasonable probability that joiner [would] affect[] the outcome of the proceedings." United States v. Colhoff, 833 F.3d 980, 984 (8th Cir. 2016). The magistrate judge's order denying severance of count III from counts I and II was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## ORDER

For the reasons given above, it is

ORDERED that defendant's objections to the magistrate judge's order denying severance (Docket 43) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's order denying severance (Docket 41) is affirmed.

IT IS FURTHER ORDERED that defendant's motion to sever (Docket 32) is denied.

IT IS FURTHER ORDERED that a scheduling order returning this case to the trial calendar shall issue.

Dated November 17, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE